107 F.3d 1
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Willy MARROQUIN, a/k/a Willy Adolfo Marroquin Mendez,
Defendant, Appellant.
 No. 95-2139.
 United States Court of Appeals, First Circuit.
 Dec. 27, 1996.
 
 Thomas A. Grasso on brief for appellant.
 Sheldon Whitehouse, United States Attorney, Margaret E. Curran, Assistant U.S. Attorney, and Stephanie S. Browne, Assistant U.S. Attorney, on Motion For Summary Disposition and Memorandum In Support Of Motion For Summary Dispositon for appellee.
 D.R.I.
 VACATED.
 Before CYR, STAHL and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Upon careful review of the record, defendant's brief, and the government's motion asking that we summarily remand to the district court for further proceedings, we agree that oral argument is not necessary and that the requirements of U.S.S.G. § 3E1.1(b) should be reconsidered on remand.
 
 
 2
 Section 3E1.1(b) provides an additional 1-level reduction if the defendant qualifies for the initial decrease under § 3E1.1(a), has an offense level of 16 or more, and either:
 
 
 3
 (1) timely provid[es] complete information to the government concerning his own involvement in the offense; or (2) timely notif[ies] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.
 
 
 4
 Once the reduction under § 3E1.1(a) has been allowed, the only relevant inquiry is whether the defendant meets either of the criteria of § 3E1.1(b). United States v. Talladino, 38 F.3d 1255, 1266 (1st Cir.1994).
 
 
 5
 Here, the district court granted the § 3E1.1(a) reduction and made no findings as to the § 3E1.1(b) criteria. The government did not object in the district court to a § 3E1.1(b) reduction, and now the government states that "The record suggests no obvious basis for denying the one-level reduction."
 
 
 6
 In these circumstances, we conclude that it is appropriate to vacate the sentence and remand the cause to the district court for resentencing after consideration of the § 3E1.1(b) criteria. The district court may order any further proceedings it deems necessary before resentencing.
 
 
 7
 Sentence vacated and cause remanded to the district court for further proceedings consistent with this opinion.